NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1180
_____

UNITED STATES OF AMERICA

v.

DWAYNE TUCKER,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 12-103)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 7, 2013

Before: FUENTES, GREENBERG, and BARRY, Circuit Judges

(Opinion Filed: November 7, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant Dwayne Tucker pleaded guilty to two offenses based upon his

production and possession of child pornography. Tucker now appeals the district court's

sentencing. Tucker's counsel also moves to withdraw pursuant to *Anders v. California*,

1

386 U.S. 738 (1967).  For the reasons stated below, we affirm Tucker's sentence, and grant counsel's motion to withdraw.

## I.

We set forth only the factual background and procedural history necessary to our analysis.[1]  On July 27, 2012, pursuant to a written Plea Agreement, Tucker pleaded guilty to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) ("Count One"), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count Two").  Tucker accepted the representations of the Government that the exploitation detailed in Count One was produced or transmitted in interstate commerce and that the pornography he possessed depicted actual children.

The District Court held a  sentencing hearing on January 4, 2013.  Consistent with the Plea Agreement, the court calculated Tucker's offense level as 42, his criminal history Category as IV, and the advisory Guidelines range as 360 months to life.  Tucker argued at sentencing that the court should vary from the Guidelines range because of the circumstances of his upbringing.  The district court denied this request.  However, the district court did grant the Government's downward departure motion pursuant to U.S.S.G. § 5K1.1, based upon Tucker's cooperation and substantial assistance.  The Court imposed a sentence of 264 months imprisonment on Count One and 120 months if imprisonment on Count Two, to run concurrently.  The district court entered judgment on January 8, 2013.  Tucker filed a letter with this Court on January 16, 2013, which we

---

[1] The district court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

treat as a timely *pro se* Notice of Appeal. Tucker's letter indicates that his appeal is "based upon Ineffective Assistance of Counsel."

**II.**

Pursuant to *Anders v. California*, defense counsel may seek to withdraw from representing an indigent criminal defendant on appeal if, "after a conscientious examination of" the case, counsel "finds [an appeal] to be wholly frivolous." 386 U.S. at 744; *see also United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). Defense counsel's request to withdraw must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. When assessing an *Anders* motion to withdraw, we ask (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) by thoroughly searching the record for arguably appealable issues and explaining why those issues are frivolous; and (2) whether an independent review of the record reveals any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3rd Cir. 2001). If "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id.* at 301 (quotation marks and citation omitted).

Defense counsel complied with Third Circuit Local Appellate Rule 109.2(a). Counsel's *Anders* brief identifies four potential issues for appeal: (1) the district court's jurisdiction over this action; (2) the validity of Tucker's plea; (3) the reasonableness and legality of Tucker's sentence; and (4) the ineffective assistance of counsel. The *Anders* brief then explains why there are no non-frivolous issues for appeal.

3

Based on our independent review, we reach the same conclusion. First, the district court's jurisdiction properly arose under 18 U.S.C. § 3231. Any challenge to the district court's jurisdiction would therefore be frivolous.

Second, the district court properly conducted the plea hearing. During that hearing, the District Court: advised and questioned Tucker pursuant to Rule 11(b)(1) of the Federal Rules of Criminal Procedure; determined that there was sufficient factual basis for Tucker's guilty plea; and ensured that the plea was knowing and voluntary and that there were no questions as to Tucker's comprehension or competence. Tucker's plea was therefore indisputably valid.

Third, we agree that any appeal of Tucker's sentence would be frivolous. The District Court fully complied with Rule 32 of the Federal Rules of Criminal Procedure in imposing its sentence. The sentence was also substantively and procedurally reasonable. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("We review a sentence for reasonableness, evaluating both its procedural and substantive underpinnings."). The district court followed this Court's three-step sentencing process by (1) calculating the applicable Guidelines range; (2) ruling on all departure motions; and (3) exercising the court's discretion by considering all relevant 18 U.S.C. § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The District Court then imposed a substantively reasonable sentence well below the Guidelines range. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (explaining that a procedurally sound sentence will be affirmed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided");

4

*see also Lessner*, 498 F.3d at 204 ("A sentence that falls within the recommended Guidelines range, while not presumptively reasonable, is less likely to be unreasonable than a sentence outside the range."). Any appeal of the District Court's sentence would be frivolous for an additional reason: Pursuant to the Plea Agreement, Tucker agreed not to appeal his sentence if it "f[ell] within or below the Guidelines range that result[ed] from the agreed total Guidelines offense level of 42." Because Tucker's sentence of 264 months is well below the relevant Guidelines range, Tucker's Plea Agreement bars him from challenging the sentence. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) ("While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded." (quoting *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)).

Finally, Tucker's claim for ineffective assistance of counsel is not ripe. Where, as here, there are no facts in the record upon which an ineffective assistance claim can be evaluated, this Court "defer[s] the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Wise*, 515 F.3d 207, 215 (3d Cir. 2008) (quotation marks and citation omitted). Thus, any such claim must be raised in an appropriate habeas petition pursuant to 28 U.S.C. § 2255.

### III.

For the reasons stated above, we affirm the District Court's judgment of sentence, without prejudice to Tucker filing a separate proceeding raising a claim that counsel was ineffective, and grant counsel's *Anders* motion.